# TAYLOR & COHEN LLP

40 Worth Street, 10th Floor
New York, NY 10013
Tel (212) 257-1900
Fax (646) 808-0966
www.taylorcohenllp.com

June 15th, 2018

**Electronically Filed**

Hon. P. Kevin Castel
United States District Judge
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Small v. Kennedy, et al.*, No 18-CV-5000

Dear Judge Castel:

We are counsel to Plaintiff in the above-referenced matter. We write in response to Your Honor's Endorsed Memo, filed on June 7, 2018 (Dkt. # 7), directing Plaintiff to demonstrate why DMRJ Group, LLC ("DMRJ") is not a necessary party to this action.

Pursuant to Federal Rule of Civil Procedure 19(a), an absent party, the joinder of which will not deprive the court of jurisdiction, shall be joined as a party when any one of the rules three prongs has been satisfied. ***First***, a party is necessary under FRCP 19(a)(1)(A) if, in the party's absence, "the court cannot grant complete relief among those already parties." *Brody v. Village of Port Chester*, 345 F.3d 103, 118 (2nd Cir. 2003). ***Second***, a party is necessary under FRCP 19(a)(1)(B)(i) if "the absent party claims an interest related to the action and is so situated that disposition of the action without that party may impair its ability to protect its interests." *Id.* ***Third***, a party is necessary under FRCP 19(a)(1)(B)(ii) if "failing to join the absent party subjects parties already in the action to a substantial risk of double liability or otherwise inconsistent obligations." *Id.* None of the Rule's prongs has been satisfied here.

Hon. P. Kevin Castel
June 15, 2018

## FRCP 19(a)(1)(A)

With respect to FRCP 19(a)(1)(A), "[t]his prong of the rule 'stresses the desirability of joining those persons in whose absence the court would be obligated to grant partial or 'hollow' rather than complete relief to the parties before the court.'" *Continental Cas. Co. v. American Home Assur. Co.*, No. 05 Civ 7874, 2008 WL 1752231, at *3 (S.D.N.Y. Apr. 14, 2008) (quoting advisory committee's notes). "Complete relief does ***not*** refer to relief 'between a party and the absent person whose joinder is sought.'" *Id.* (emphasis added) (quoting *Arkwright-Boston Mfrs. Mut. v. City of New York*, 762 F.2d 205, 209 (2nd Cir. 1985)).

Here, DMRJ is not a necessary party because Mr. Small "can obtain complete relief as to [Defendants] without [DMRJ's] presence in the case." *MasterCard Intern., Inc. v. Visa Intern. Service Ass'n, Inc.*, 471 F.3d 377, 385 (2nd Cir. 2006). If Mr. Small prevails, then Defendants, who control DMRJ, will be required to make a distribution to Mr. Small. this "will resolve the dispute between" Mr. Small and Defendants, and DMRJ's "presence is unnecessary to decide" these issues. *Id.*  Thus, "there is no risk that the court will have to grant Plaintiff[ ] 'hollow' relief." *Continental*, 2008 WL 1752231, at *3. *See also Reit v. Post Properties, Inc.*, 09 civ. 5455 2010 WL 743533, at *2 (S.D.N.Y. Feb. 24, 2010) (FRCP Rule 19(a)(1)(A) not satisfied where "Plaintiff may recover completely against the Defendants … without [the absent party's] presence in any judgment [Plaintiff] may win") (internal quotations omitted); *Fair Housing in Huntington Committee v. Town of Huntington*, No. 02-cv-2782, 2010 WL 2730757, at *10 (E.D.N.Y. July 8, 2010).

## FRCP 19(a)(1)(B)(i) and (ii)

Both of these prongs of Rule 19(a) are "contingent ... upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *ConnTech Development Co. v. University of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 682 (2nd Cir. 1996) (internal quotations omitted). A party named in the litigation cannot assert the interest on the absent party's behalf, as such an attempt "falls outside the language of the

Hon. P. Kevin Castel
June 15, 2018

rule." *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2nd Cir. 1996). Here, DMRJ has not claimed any interest, much less a "legally protected interest relating to the subject matter" of the litigation." *Id.* (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir.1983)).

Respectfully submitted,

        /s/ Robert Cohen
Robert Cohen
TAYLOR & COHEN LLP
40 Worth Street, 10th Floor
New York, New York 10013
(212) 257-1901
rcohen@taylorcohenllp.com

*Counsel for Plaintiff Daniel Small*