**TAYLOR & COHEN LLP**

40 Worth Street, 10th Floor
New York, NY 10013
Tel (212) 257-1900
Fax (646) 808-0966
www.taylorcohenllp.com

June 24, 2018

**Electronically Filed**

Hon. P. Kevin Castel
United States District Judge
 for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

>    Re: *Small v. Kennedy, et al.*, No 18-CV-5000

Dear Judge Castel:

>    We are counsel to Plaintiff in the above-referenced matter. We write in response to Defendants June 22, 2018 letter requesting expedited discovery. (Dkt. # 23). Defendants have failed to demonstrate anything close to the "good cause" required to conduct expedited discovery.

>    This case is a very straightforward breach of contract action. As set forth in the Complaint and papers accompanying Small's Motion for a Preliminary Injunction, DMRJ's Amended and Restated Operating Agreement (the "Operating Agreement") entitles Small to 6.5% of DMRJ's yearly Net Profits. Additionally, under the Operating Agreement, Small has the right to examine DMRJ's books and records. Small alleges breaches of both these provisions of the Operating Agreement.

>    In making their request for expedited discovery, Defendants identify two areas of inquiry. Neither has any merit. First, Defendants seek information regarding a supposed "breach of fiduciary duties" by Small which somehow "obviate[s] his purported right to recovery" under the Operating Agreement. This opaque claim appears to have something to do with an "Investment Management Agreement" referenced by Defendants.

>    Small is a party to an Investment Management Agreement (the "IMA"). Defendants and DMRJ, however, are not. Rather the counterparties are two entities that are not parties to this litigation: Platinum Management (NY) LLC and Platinum Liquid Opportunity Management (NY) LLC. (*See* Attachment 1). Thus, to the extent that Small may have any duties arising out of the IMA, they are not owed to Defendants or DMRJ. Notably, Defendants have not even attempted to offer

Hon. P. Kevin Castel
June 24, 2018

a theory of how they or DMRJ could possibly assert claims against Mr. Small under the IMA. In short, Defendants have no basis to pursue this avenue of discovery.

 Second, Defendants seek information about the value of PPVA's assets under Mr. Small's management pursuant to the IMA. This request is as audacious as it is frivolous. As explained in the Complaint and Mr. Small's preliminary injunction papers, Defendants have steadfastly refused to allow Mr. Small access to DMRJ's books and records. Yet, they now seek information from Mr. Small on an expedited basis. In any event, Defendants are in possession of this information. In the March 21, 2018 minutes of the official meeting of PPVA's creditors, Defendants (referred to as the "JOLs") stated they have PPVA's records as well as the ability to search and analyze the data:

> [T]he JOLs have access the access and ability to search and interrogate the Master Fund's data, which is being hosted by their e-Discovery provider KPMG. The Chairperson highlighted, that this ability will form a vital role in progressing the JOLs' investigations.

(Attachment 2 at p.2)[1]. Consequently, this avenue of discovery also is devoid of any merit.

 Defendants have failed to establish the requisite "good cause" for conducting expedited discovery, and their request for such relief should be denied.

             Respectfully submitted,

             /s/ Robert Cohen
             Robert Cohen

---

[1] Attachment 2 can also be found at Exhibit L to the Declaration of Robert Cohen in Support of Plaintiff's Motion for a Preliminary Injunction. (Dkt. # 14 ).