# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Warren E. Gluck
(212) 513-3396
warren.gluck@hklaw.com

July 30, 2018

*Via ECF*

Hon. P. Kevin Castel
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

   Re: *Daniel Small v. Christopher Kennedy and Martin Trott*
      Case No. 18-cv-5000 (PKC)

Dear Judge Castel:

  This firm represents defendants Christopher Kennedy[1] and Martin Trott, who are sued in their capacities as the Operating Managers of DMRJ, Group LLC ("DMRJ") (collectively, the "Defendants") in the above referenced action.

  As directed by the Court's memorandum endorsement (Dkt. 7), by letter dated June 15 2018, Plaintiff Daniel Small ("Small") advised the Court that DMRJ is not a necessary party to this action pursuant to Fed. R. Civ. P. 19(a). Dkt. 15. Specifically, Small argued that joinder of DMRJ is not required, because without the presence of DMRJ in this case, the Court is still able to grant the relief requested as against Defendants who have control over DMRJ. *Id.* (citing Fed. R. Civ. P. 19(a)(1)(A). Additionally, Small argued that DMRJ has not asserted a legal protectable interest relating to the subject matter of the litigation for Rule 19 to apply. *Id.* (citing Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii)).

  At the motion hearing held in this action on July 16, 2018 Your Honor instructed undersigned counsel to advise the Court whether Defendants plan to raise Rule 19 as a defense in their answer or responsive papers (which are currently due on September 18, 2018). Accordingly, Defendants advise the Court that, based on their review of relevant caselaw concerning whether LLCs are deemed necessary parties in disputes between shareholders or members, they do not

---

[1] In their papers filed in opposition to the preliminary injunction, as well as at the July 16 hearing before Your Honor, undersigned counsel noted that Christopher Kennedy has recently been replaced by Christopher Smith as liquidator of Platinum Partners Value Arbitrage Fund L.P. ("PPVA"), and that PPVA currently acts as the sole Operating Manager of DMRJ. Defendants' motion to amend the caption is forthcoming.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Hon. P. Kevin Castel
July 30, 2018
Page 2

currently intend to raise Rule 19 as a defense, as DMRJ is not a necessary or indispensable party to this action.

**The Rule 19 Standard**

Rule 19 sets forth a two-part test for courts to use in determining whether an action must be dismissed for failure to join an indispensable party. The first question is whether the party is necessary and requires joinder in the action, as defined by Rule 19(a):

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (A) in the person's absence complete relief cannot be accorded among those already parties, or (B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. Rule 19(a)(1). If the court finds that the party is necessary, it should then go on to consider whether the party is indispensable, using the equitable factors outlined in Rule 19(b). *See Associated Dry Goods Corp. v. Towers Financial Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). Rule 19(b) applies where "the court determines that a party must be joined but that joinder cannot be effectuated." *Id.* Fed.R.Civ.P. 19(b). Rule 19(b) outlines four factors that this Court must consider in its determination of whether the action can proceed.

**DMRJ's Interests Are Represented by the Defendants as Operating Managers**

DMRJ presently consists of a sole Member, PPVA.[2] As this Court is aware, PPVA is in liquidation in the Cayman Islands. Therefore, as Joint Liquidators of PPVA, the Defendants act as Operating Managers of DMRJ. The DMRJ Operating Agreement (Dkt. 18-1) provides at Article V that "Management of the Company shall be vested in all of the Members who shall also serve as Operating Managers of the Company… The Company shall be managed by the Operating Managers and the conduct of the Company's business shall be controlled and conducted solely and exclusively by the Operating Managers in accordance with this Agreement" Dkt. 18-1 at Sections 5.1, 5.4.

---

[2] To the extent that citizenship of PPVA, a limited partnership, is determined by the citizenship of its members and/or shareholders, Defendants respectfully submit that the subject matter jurisdiction issue is not resolved by its response on the Rule 19 issue. Specifically, it is highly likely that PPVA's feeder fund investors in turn have investors who are located in New York and may be considered citizens of New York for jurisdiction purposes. Accordingly, Defendants reserve their rights to raise additional subject matter jurisdiction defenses in their answer or motion to dismiss, to be filed on September 18.

Hon. P. Kevin Castel
July 30, 2018
Page 3

Plaintiff's claim, as plead, is a breach of contract claim pursuant to the DMRJ Operating Agreement of DMRJ entered into by the members of DMRJ: Platinum Management (NY) LLC on behalf of PPVA as the sole Member, and Daniel Small and David Levy, each as Profits Interest Members.

Certainly, a limited liability company is a legal entity distinct from its members. Courts recognize that in many circumstances an LLC may have an independent interest apart from its members, and therefore will be considered a necessary party. *E.g., Weber v. King*, 110 F. Supp. 2d 124 (E.D.N.Y. 2000). Where a complaint filed by a shareholder or member of an LLC is a derivative suit, or where the complaint alleges harm to the LLC (as opposed alleged harm to the individual member of the company), the LLC will be considered a necessary party. *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008) (holding that the LLC at issue in that case "is a necessary party under Rule 19(a) since it has an obvious interest in the derivative claims raised on its behalf, and would be unable in practice to protect that interest if not joined); *Trident-Allied Associates LLC v. Cypress Creek Associates LLC*, 317 F. Supp. 2d 752 (E.D. Mich. 2004); *Trademark Retail, Inc. v. Apple Glen Investors, LP*, 196 F.R.D. 535 (N.D. Ind. 2000).

However, in contrast to a derivative suit brought by a shareholder on behalf of an LLC, an LLC is not always a necessary or indispensable party in an action **between its members**. In a suit which alleges a direct harm against a member of the corporation, as opposed to a harm against the corporation itself, the LLC is not a necessary party. *Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 303 (4th Cir. 1992) ("This action arises out of a strictly internal conflict between the partners, all of whom, ... will be before the district court"); *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 91–92 (2d Cir. 1990) (limited partnership not indispensable in suit by limited partners against general partners).

An LLC such as DMRJ acts through its members, and in this suit specifically, the interests DMRJ are completely aligned with that of its sole Member, PPVA, and the Operating Managers, Defendants. *Wright v. Herman*, 230 F.R.D. 1 (D.D.C. 2005) ("given the small size of this LLC and the fact that all shareholders are currently parties to this action, it is hard to image that as a "practical matter" the technical presence of CRA Urban, LLC as a defendant is necessary to protect its interests") (*citing Omnioffices, Inc. v. Omnioffices, Inc.*, No. 99-Civ. 260, 2001 WL 1701683 at *8–10 (D. D.C. 2001) (finding a non-party corporation was adequately represented because its interests were "identically aligned" with the interests of an already joined party)); *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487 (S.D.N.Y. 2002) (corporation was not an indispensable party since managing director could represent corporation's interests); *BMG Music v. Vanxy, Inc.*, 98 Civ. 6496, 1999 WL 493345 at *2 (S.D.N.Y. July 12, 1999) (absent corporation was not necessary where president and sole shareholder would be able to adequately represent corporation and their interests were identical); *Aetna Cas. & Sur. Co. v. Namrod Dev. Corp.*, 140 B.R. 56, 61–62 (S.D.N.Y. 1992) (corporation was "adequately represented" by defendants who were the corporation's "controlling shareholders, its President and Vice President respectively and at least as of 1982, constituted its board of directors and owned all its stock."); *Rose v. Simms,* No. 95 Civ. 1466, 1995 WL 702307 at *6 (S.D.N.Y. Nov. 29, 1995) ("As President and sole shareholder of

Hon. P. Kevin Castel
July 30, 2018
Page 4

Round Hill, Simms and Round Hill share an identity of interest…. even if an adverse ruling against Simms were to preclude Round Hill from asserting its rights in some way, Simms more than adequately represents Round Hill's interests in the current litigation.").

Furthermore, in comparing a limited liability company to a limited partnership, the court in *Trademark* (supra) acknowledged, that an LLC, like a partnership is "like a marionette, [it] cannot make a move unless some human being pulls the strings…" 196 F.R.D. at 539 (citing *HB General Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191 (3d Cir. 1996)). Similarly, the Defendants on behalf of PPVA (the sole Member) not only sufficiently represent DMRJ's interests, but as Operating Managers have the power to effect any judgment which this Court may ultimately issue against DMRJ,[3] by their authority to make disbursements of DMRJ funds to creditors.

Based on the foregoing, Defendants respectfully submit that joinder of DMRJ to this action is not required under Fed. R. Civ. P. 19.

We thank the Court for its attention to this matter.

Respectfully submitted,

HOLLAND & KNIGHT LLP

/s/

Warren E. Gluck

Cc: All counsel of record (via ECF)

---

[3] Additionally, the Operating Managers on behalf of DMRJ reserve their rights to pursue any claims that DMRJ may have against Small, either in this action, or future actions.